IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEVON MARCEL ELLIOTT, B88449, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| C. STORY, | )   Case No. 25-cv-1622-DWD |
| J. SMITH, | ) |
| JOHN/JANE MERADE, | ) |
| C. SIMMONS, | ) |
| DAVID M. MITCHELL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Jevon Marcel Elliott, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center (Pinckneyville). The Court dismissed Plaintiff's original complaint for failure to state a claim (Doc. 9), and he has filed an Amended Complaint (Doc. 10) concerning alleged due process violations. Plaintiff's Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff alleges that in the early August of 2023, Defendant Story wrote him two frivolous disciplinary tickets that led to his placement in segregation. He alleges that he asked another staff member to contact Defendant Simmons, who was the assigned hearing investigator for the ticket, so that he could tell his side of the story. On August 14, 2023, the disciplinary committee expunged the tickets. He claims that Story's conduct violated his right to due process. (Doc. 10 at 1). Plaintiff also faults Defendants Smith, Merade, Simmons, and Mitchell, alleging that they violated various provisions of the prison's internal policies during his seven days in segregation. (Doc. 10 at 1-2). Plaintiff alleges that the seven days in segregation caused him great harm with injuries. (Doc. 10 at 2).

## Analysis

Plaintiff's complaint is insufficient to proceed as pled. First, as for Defendants Smith, Merade, Simmons, and Mitchell, Plaintiff primarily faults them for failing to follow the prison's internal policies about the disciplinary process and segregation. As the Court previously stated, a failure to follow prison or state rules does not equate to a claim under § 1983. *See e.g.*, Scott v. Edinburgh, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects inmates from constitutional violations, not violations of state laws or departmental regulations).

As for Defendant Story, Plaintiff alleges that Story violated his rights by issuing "frivolous" disciplinary tickets. An inmate cannot maintain a false discipline claim where he ultimately received due process via the prison's disciplinary proceedings. *See Hanrahan v. Lane*, 747 F.2d 1137 (7th Cir. 1984) (discussing allegations of false discipline by guards planting alleged false evidence, and finding there cannot be a claim if inmate got due process in the subsequent disciplinary proceedings). Here, Plaintiff admits that within 7 days of the issuance of the tickets, both tickets were expunged by the Adjustment Committee. Thus, the disciplinary process quickly provided him for relief from the alleged frivolous tickets.

Furthermore, Plaintiff does not have any allegations that suggest a due process violation by any of the named defendants because he spent just 7 days in segregation, and he does not describe how the conditions constituted an atypical or significant hardship. "Prisoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary. *Smith v. Akpore*, 689 Fed. App'x 458, 460 (7th Cir. 2017) (finding that 30 days in investigative segregation and 3 months of disciplinary segregation did not raise a Due Process claim) *citing Isby v. Brown*, 856 F.3d 508, 524-25 (7th Cir. 2017). Additionally, Plaintiff does not allege that he lacked notice of the tickets or an opportunity to prevent his views. In sum, Plaintiff has no allegations that support a plausible due process claim, nor do his allegations suggest an obvious basis for any other constitutional violation.

Having reviewed two complaints about Plaintiff's disciplinary proceedings and segregation time in August of 2023, the Court finds that it is not necessary to afford

further opportunities. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). On the facts alleged, Plaintiff simply cannot allege a plausible claim under § 1983. As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

### DISPOSITION

Plaintiff's Amended Complaint (Doc. 10) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

Plaintiff's Motion for Leave to Proceed IFP (Doc. 21) is **DENIED** as **MOOT** because he has already been granted IFP status. Deductions from his account will continue until the full $350 fee has been paid.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: January 16, 2026

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge